# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00006-MR
# [CRIMINAL CASE NO. 1:08-cr-00056-MR-1]

| | |
|---|---|
| RANDALL CORNETTE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. [Doc. 1]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

## I. BACKGROUND

Petitioner was convicted in this District on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to a term of 220 months' imprisonment. [Criminal Case No. 1:08-cr-00056 ("CR"), Doc. 42: Amended Judgment]. Petitioner did not appeal from the Amended Judgment; rather, on April 18, 2011, he filed a *pro se* § 2255 Motion to Vacate in which he raised claims of ineffective assistance of

counsel and challenges that had already been resolved against him on direct appeal. The Court found that Petitioner's challenges were without merit and his § 2255 motion was dismissed. [Civil Case No. 1:11-cv-00092-MR, Doc. 9: Order, filed Aug. 20, 2014]. Petitioner did not appeal.

In his present § 2255 Motion, Petitioner contends that he is entitled to relief from his sentence because he no longer qualifies as an Armed Career Criminal and he cites the Supreme Court's recent decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act was void for vagueness and therefore unconstitutional. [Doc. 1 at 4].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), as amended, provides in relevant part that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has already filed an unsuccessful § 2255 Motion in this District and he has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion. Based on the foregoing, the Court finds that it is without jurisdiction to consider the merits of the present Section 2255 Motion and it will therefore be dismissed. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate [Doc. 1] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 18, 2016

Martin Reidinger
United States District Judge